UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No.: | SACV 18-02294 SVW (RAO) | Date: | January 30, 2019 |
| Title: | Jose Manuel Lopez v. City of Santa Ana et al. | | |

Present: The Honorable **ROZELLA A. OLIVER, U.S. MAGISTRATE JUDGE**

| Donnamarie Luengo | N/A |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff(s): | Attorneys Present for Defendant(s): |
|---|---|
| N/A | N/A |

**Proceedings:** (In Chambers) **ORDER TO SHOW CAUSE**

On December 27, 2018, Plaintiff Jose Manuel Lopez ("Plaintiff"), proceeding *pro se* and *in forma pauperis*, filed a complaint pursuant to 42 U.S.C. § 1983 and various other federal and state statutes and rules ("Complaint," Dkt. No. 1). Plaintiff brings his Complaint against the City of Santa Ana, the Santa Ana Police Department, A. Nguyen, A. Garcia, the State of California Department of Corrections and Rehabilitation Secretary, Patrick Morissey, E. Lavergne, the Orange County Sheriff's Department, the Orange County Board of Supervisors, the Orange County Mosquito and Vector Control, the Orange County Fire Authority, Tony Rackauckas, Keith Burke, Howard Gundy, and the State of California Department of Justice Attorney General. Compl. ¶ 22. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and finds that the Complaint is facially untimely. For the reasons set forth below, Plaintiff is **ORDERED TO SHOW CAUSE** why the Complaint should not be dismissed as time-barred.

**I.   LEGAL STANDARD**

Absent waiver, the Court may *sua sponte* dismiss a complaint as untimely. *See Levald, Inc. v. City of Palm Desert*, 998 F.2d 680, 686-87 (9th Cir. 1993); *see also Jones v. Bock*, 549 U.S. 199, 215, 127 S. Ct. 910, 166 L. Ed. 2d 798 (2007) ("If the allegations . . . show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c).").

Section 1983 actions are subject to the forum state's statute of limitations for personal injury claims. *Wallace v. Kato*, 549 U.S. 384, 387, 127 S. Ct. 1091, 166 L. Ed. 2d 973 (2007).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | SACV 18-02294 SVW (RAO) | Date: | January 30, 2019 |
| Title: | Jose Manuel Lopez v. City of Santa Ana et al. | | |

Accordingly, federal civil rights claims arising in California are subject to California's statute of limitations period for an "action for assault, battery, or injury to . . . an individual caused by the wrongful act or neglect of another," which is two years. Cal. Civ. Proc. Code § 335.1.

Federal law, however, determines when a claim accrues and when the applicable limitation period begins to run. *Wallace*, 549 U.S. at 388. Under federal law, accrual occurs when the plaintiff has a complete and present cause of action and may file a suit to obtain relief. *Id.* Generally, a cause of action accrues when the plaintiff "knows or has reason to know of the injury which is the basis of the action." *Morales v. City of Los Angeles*, 214 F.3d 1151, 1154 (9th Cir. 2000) (quotations and citation omitted). The Ninth Circuit has interpreted this to mean "when the plaintiff knew or in the exercise of reasonable diligence should have known of the injury and the cause of that injury." *Bonneau v. Centennial School Dist. No. 28J*, 666 F.3d 577, 581 (9th Cir. 2012) (quoting *Lukovsky v. City & Cty. of San Francisco*, 535 F.3d 1044, 1050 (9th Cir. 2008)).

In certain circumstances, the statute of limitations may be tolled. A federal court must give effect to a state's tolling provisions to the extent that they are not inconsistent with federal law. *Lukovsky*, 535 F.3d at 1051 n.5 (citing *Azer v. Connell*, 306 F.3d 930, 936 (9th Cir. 2002)). California law provides for up to two years of tolling for plaintiffs based on the disability of imprisonment. *See* Cal. Civ. Proc. Code § 352.1(a) ("If a person . . . is, at the time the cause of action accrued, imprisoned on a criminal charge, or in execution under sentence of a criminal court for a term of less than for life, the time of that disability is not a part of the time limited for the commencement of the action, not to exceed two years."). The Ninth Circuit has held that "actual, uninterrupted incarceration is the touchstone" for assessing tolling for the disability of imprisonment under California law. *Elliott v. City of Union City*, 25 F.3d 800, 802-03 (9th Cir. 1994).

The statute of limitations may also be subject to equitable tolling. Equitable tolling focuses on "whether there was excusable delay by the plaintiff." *Lukovsky*, 535 F.3d at 1051. "If a reasonable plaintiff would not have known of the existence of a possible claim within the limitations period, then equitable tolling will serve to extend the statute of limitations for filing suit until the plaintiff can gather what information he needs." *Id.* (quoting *Johnson v. Henderson*, 314 F.3d 409, 414 (9th Cir. 2002)) (internal quotation marks omitted). Plaintiffs must meet three conditions to equitably toll a limitations period: (1) defendant must have had timely notice of a claim; (2) defendant must not be prejudiced by having to defend the otherwise

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No.: | SACV 18-02294 SVW (RAO) | Date: | January 30, 2019 |
| Title: | Jose Manuel Lopez v. City of Santa Ana et al. | | |

barred claim; and (3) a plaintiff's conduct must have been reasonable and in good faith. *Fink v. Shelder,* 192 F.3d 911, 916 (9th Cir. 1999). It appears as though the good faith requirement "is addressed to the plaintiff's relative diligence in pursuing the claims for which tolling is sought." *Salsberry v. Atascadero State Hosp.*, No. CV 11-05443-JVS (VBK), 2012 WL 4364224, at *5 (C.D. Cal. Aug. 1, 2012).

Additionally, equitable estoppel may apply to relieve a plaintiff from the running of the statute of limitations. Equitable estoppel focuses on actions taken by the defendant to prevent a plaintiff from filing suit, sometimes referred to as "fraudulent concealment." *Johnson*, 314 F.3d at 414 (citing *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 450-51 (7th Cir.1990)). To benefit from equitable estoppel, the plaintiff must point to some active conduct by the defendant "above and beyond the wrongdoing upon which the plaintiff's claim is filed, to prevent the plaintiff from suing in time." *Guerrero v. Gates*, 442 F.3d 697, 706 (9th Cir. 2006) (quoting *Santa Maria v. Pacific Bell*, 202 F.3d 1170, 1176-77 (9th Cir. 2000)).

## II. DISCUSSION

Each claim or group of claims brought by Plaintiff appears to be time-barred, for the reasons set forth below. To the extent Plaintiff appears to rely on a later accrual date, the Court has addressed the issue within the relevant claim.

### A. Claim 1

Plaintiff alleges that from February 5, 2012 through April 11, 2012, the City of Santa Ana, the Sana Ana Police Department, and Officer Garcia falsely arrested and imprisoned Plaintiff. Compl. ¶¶ 44, 47. Officer Garcia arrested Plaintiff on February 5, 2012, and booked Plaintiff into the Santa Ana City Jail. Compl. ¶ 60. Plaintiff was then booked into the Orange County Jail on February 6, 2012. *Id.* ¶ 61. Plaintiff was incarcerated for 67 days. *Id.* ¶ 63.

Over six years have passed since the dates of the events described in this claim, well beyond the two-year statute of limitations for Section 1983 claims. Even taking into consideration any statutory tolling for imprisonment, the claim would be time-barred. The Court notes that Plaintiff brought similar claims against the same defendants in a prior action, and those claims were dismissed as time-barred. *See Lopez v. City of Santa Ana*, SACV 14-01369-SVW-RAO (C.D. Cal., filed Aug. 26, 2014), Dkt. Nos. 195, 205.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 18-02294 SVW (RAO)     Date: January 30, 2019
Title: Jose Manuel Lopez v. City of Santa Ana et al.

Although Plaintiff references the date August 24, 2018 in this portion of the Complaint, it is unclear to the Court what happened on this date and how that date may be relevant to this or any other claim. Accordingly, absent tolling, the claim is time-barred.

**B. Claim 2**

Plaintiff alleges that the City of Santa Ana violated his rights from September 2013 through July 1, 2014 in relation to a measure regarding medical marijuana. Compl. ¶¶ 190-194. Plaintiff contends that the City of Santa Ana breached the Controlled Substances Act and the Comprehensive Drug Abuse Prevention and Control Act of 1970. *Id.* ¶ 198. Plaintiff alleges he lived in the City of Santa Ana and was harmed by medical marijuana users and marijuana drug trafficking. *Id.* ¶¶ 205-206. From January 2013 through February 2014, Plaintiff was harmed by an increase in crime from the operations of medical marijuana dispensaries and had to eventually move out of the area in February 2014. *Id.* ¶¶ 216, 222.

Plaintiff alleges he made a new discovery on October 29, 2018. *Id.* ¶ 219. Plaintiff alleges that he found electronic video recordings of certain portions of city council meetings, and, more specifically, the testimony of California Senator Lou Correa. *Id.* ¶¶ 219-220. Plaintiff alleges that Senator Correa testified about what was going on in Sacramento on the topic of medical marijuana. *Id.* ¶ 220. Senator Correa stated that he did not want to see an initiative that was paid by special interest to get on the ballot, and cautioned the city to have sufficient funds for public safety functions to monitor and police the related activities. *Id.* ¶ 221.

For this claim, Plaintiff complains of events that occurred in 2013 and 2014. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed. Although Plaintiff alleges that he made a "new discovery" regarding this claim in 2018, a cause of action accrues when a plaintiff knows of or in the exercise of reasonable diligence should have known of the injury and the cause of that injury. *Bonneau*, 666 F.3d at 581. It appears that Plaintiff knew of the medical marijuana measure and the resulting harm by 2014, when he had to move out of his residence. Although Plaintiff may believe the purportedly newly discovered testimony of California Senator Correa provides additional support for his claim, it is unclear how that testimony is relevant to the accrual date of the purported Section 1983 claim. It appears that Plaintiff previously had access to other recordings of the city council meetings, but that only certain portions of the minutes were not discovered until recently. *See* Compl. ¶ 219 ("Due to a thing that may have been in material of electronic glitches, or electronic omissions.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.: SACV 18-02294 SVW (RAO)      Date: January 30, 2019
Title:     Jose Manuel Lopez v. City of Santa Ana et al.

### C.     Claim 3

Plaintiff alleges that between June 2, 2011 and July 2, 2011, Detective Nguyen of the Santa Ana Police Department discriminated against Plaintiff in violation of the Fourteenth Amendment by writing a false sex crime report and seizing Plaintiff's computers from his residence without a warrant. Compl. ¶¶ 250-252, 260. For this claim, Plaintiff complains of conduct from 2011. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed.

### D.     Claim 4

Plaintiff alleges that on or about October 18, 2011, Parole Agent Morrissey and Unit Supervisor Lavergne placed Plaintiff in a false light and fabricated an official California state document. Compl. ¶¶ 306, 312. Plaintiff claims he has been damaged beginning on October 18, 2011 through November 2018. *Id.* ¶ 329.

For this claim, Plaintiff complains of conduct from 2011. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed. To the extent Plaintiff intends to rely on the continuing violations doctrine for a later accrual date, Plaintiff may not argue that there has been a continuing violation simply by alleging continuing damage from unlawful conduct that took place over two years ago. *See Ward v. Caulk*, 650 F.2d 1144, 1147 (9th Cir. 1981) ("A continuing violation is occasioned by continual unlawful acts, not by continual ill effects from an original violation.").

### E.     Claim 5

Plaintiff alleges that between February 22, 2012 and April 11, 2012, he was in the custody of the Orange County Sheriff's Department jail. Compl. ¶ 352. Plaintiff alleges that during this time, informants worked to inflict psychological and emotional injury upon him so that Plaintiff would incriminate himself. *Id.* ¶¶ 353-356.

For this claim, Plaintiff complains of conduct from 2012. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed.

///

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:   SACV 18-02294 SVW (RAO)         Date:   January 30, 2019
Title:      Jose Manuel Lopez v. City of Santa Ana et al.

### F.     Claim 6

Plaintiff alleges that between September 2013 and February 2014, Defendant Orange County Mosquito and Vector Control District ("OCVCD") conducted aerial and ground spraying of bug spray, insecticides and other substances, which caused Plaintiff medical harm and injuries. Compl. ¶¶ 367, 384. Plaintiff alleges the Orange County Board of Supervisors and OCVCD did not provide plaintiff with reasonable warnings or notices. *Id.* ¶ 370. Plaintiff made 911 phone calls and was treated at hospitals on various dates from April 2013 to December 2013. *Id.* ¶¶ 375, 376, 379. Plaintiff contends that Defendants Board of Supervisors, OCVCD and Orange County Fire Authority acted with gross negligence, reckless disregard, and/or deliberate indifference. *Id.* ¶ 398.

For this claim, Plaintiff complains of conduct from 2013 and 2014. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed.

### G.     Claim 7

Plaintiff alleges Deputy District Attorney Keith Burke placed Plaintiff in a false light. Compl. ¶ 404. On July 16, 2012, Defendant Burke made extrajudicial statements, which Plaintiff contends were in violation of the California Rules of Professional Conduct. *Id.* ¶¶ 410-413.

To the extent Plaintiff intends to bring a Section 1983 claim based on these allegations, absent tolling, the two-year statute of limitations has passed. The Court also notes that a Section 1983 claim may not be premised on violations of state professional responsibility rules. *See West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States . . . .").

### H.     Claim 8

Although the exact nature of the allegations of this claim are unclear, Plaintiff complains of the conduct of Deputy District Attorney Howard Gundy, District Attorney Tony Rackauckas, and former District Attorney Michael Capizzi on October 24, 1996. Compl. ¶ 433. Absent tolling, the two-year statute of limitations for Section 1983 claims has passed.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  SACV 18-02294 SVW (RAO)                    Date:  January 30, 2019
Title:     Jose Manuel Lopez v. City of Santa Ana et al.

### III.  CONCLUSION

For the reasons set forth above, the Complaint appears to be time-barred and there do not appear to be grounds for tolling such that any of the claims would not be time-barred.  IT IS HEREBY ORDERED that Plaintiff shall show cause in writing, on or before **February 20, 2019**, why Plaintiff's Complaint should not be dismissed as untimely.  If Plaintiff claims that he is entitled to a delayed accrual of the statute of limitations or tolling of the statute of limitations, Plaintiff must explain in detail the factual and legal basis therefor, and must specify the reason(s) for Plaintiff's apparent delay in commencing this action.

**Plaintiff is expressly warned that failure to file a timely and complete response to this Order will result in a recommendation that this action be dismissed as time-barred.**

**IT IS SO ORDERED.**

                                                                    __ : __
                                                  Initials of Preparer    dl